IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **ROBERT LEE ELLISON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. V-08-67** |
| | § | |
| **PATTERSON-UTI DRILLING COMPANY,** | § | |
| **LLC, PATTERSON-UTI DRILLING** | § | |
| **SERVICES, LP, LLLP, PATTERSON-UTI** | § | |
| **DRILLING COMPANY, LP,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Compel Discovery Responses (Dkt. No. 34), to which Defendant has responded. After considering the parties' arguments and the applicable law, the Court is of the opinion that Plaintiff's motion should be **GRANTED** in part and **DENIED** in part.

## Background

Plaintiff alleges that he was subjected to harassment and discrimination based on his race and that Patterson-UTI Drilling Company, LLC[1] ("Defendant") discharged him in retaliation for complaining of harassment and discrimination. Accordingly, Plaintiff filed suit pursuant to 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. *See* (Dkt. No.1).

The instant motion seeks to compel Defendant to fully respond to interrogatories and requests for production. On May 28, 2008, Plaintiff served Defendant with interrogatories and requests for production. On June 30, 2008, Defendant served Plaintiff with objections and responses

---

[1]Plaintiff's Motion to Compel Discovery Responses is only directed at Defendant Patterson-UTI Drilling Company, LLC. Both sides have represented to the Court that they are in the process of executing a stipulation that will result in the dismissal of the other Defendants.

1

to Plaintiff's discovery requests. (Dkt. No. 34, Ex. 1 & 2). On August 19, 2008, Plaintiff requested that Defendant supplement its discovery responses. (Dkt. No. 34, Ex. 3). On August 27, 2008, Defendant's counsel replied to Plaintiff's request, stating she had been away from her office and would review the request and supplement in accordance with the Rules of Civil Procedure. (Dkt. No. 34, Ex. 4). On September 16, 2008, Plaintiff, again, requested that Defendant supplement its discovery responses, as Plaintiff had not received any supplemental responses from Defendant. (Dkt. No. 34, Ex. 5).

On September 26, 2008, an Agreed Protective Order with regard to discovery was entered by the Court. (Dkt. No. 29). On October 10, 2008, Defendant served Plaintiff with supplemental answers to Plaintiff's interrogatories and documents. (Dkt. No. 34, Ex. 6 & 7). On June 15, 2009, Plaintiff forwarded a draft of his motion to compel to Defendant. On June 22, 2009, Defendant's attorney sent a letter to Plaintiff objecting to the requests to supplement its responses. (Dkt. No. 35, Ex. 1). The instant motion was filed on August 12, 2009. (Dkt. No. 34).

## Legal Standard

As the Fifth Circuit has repeatedly instructed, "'[a] district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse.'" *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)). The party posing discovery may move to compel the disclosure of any materials requested so long as such discovery is relevant and otherwise discoverable. *See* Fed. R. Civ. P. 37; *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006) ("[Rule] 37(a) [(3)(B)(iii) and (iv)] empowers the court to compel the production of documents . . . upon motion by the party seeking discovery."). Materials and information are discoverable if they are "relevant to any party's claim or defense" or

if they "appear[] reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Knight*, 241 F.R.D. at 263. Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted. *See Spiegelberg Mfg., Inc. v. Hancock*, No. 3-07-cv01314-G, 2007 WL 4258246, at *1 (N.D. Tex. Dec. 3, 2007); *Gauthier v. Union Pacific R.R. Co.*, No. 1:07-CV-12, 2008 WL 247016, at *3 (E.D. Tex. June 18, 2008); *see also* Fed. R. Civ. P. 26(b)(2) (Courts must limit discovery if 1) the discovery sought is shown to be unreasonably cumulative or duplicative, or is more easily obtainable from another, more convenient source; 2) the party seeking discovery has had ample opportunity to obtain the information sought; or 3) the burden or expense of the discovery outweighs its likely benefit.).

## Discussion

### I. Interrogatories

Plaintiff claims that Defendant has not provided full and complete answers to Plaintiff's Interrogatories Nos. 12 and 14.

#### A. Interrogatory No. 12

Interrogatory No. 12 requests that Defendant "[s]tate the current net worth of Defendant." (Dkt. No. 34, Ex. 1). Defendant's answer states that "Defendant objects to this Interrogatory because it is premature in that Plaintiff has not made the showing necessary for such information and accordingly the request is unduly burdensome, harassing." (*Id.*). On October 10 2008, in response to Plaintiff's request to supplement this interrogatory, Defendant stated that it

3

>further objects to this Interrogatory because it is vague and indefinite in it[s] use of the term "net worth," in that the term is subject to multiple interpretations some of which may be inconsistent with or different from the intent of the writer. As such, Defendant is unable to ascertain which information the Plaintiff requests without speculating as to the exact information sought.
>
>Subject to and without waiving the foregoing objections, consolidated financial information relating to affiliated and subsidiary companies of Patterson-UTI Energy, Inc. is a matter of public record.

(Dkt. No. 34, Ex. 6).

On June 22, 2009, Defendant stipulated to the following:

>Defendant, Patterson-UTI Drilling Services, LP, LLP does not exist and has no current net worth. As such, it should be dismissed from this lawsuit. Patterson-UTI Drilling Company, LP does not exist and has no current net worth. Likewise, it should be dismissed from this lawsuit.
>
>Patterson-UTI Drilling Company, LLC is the successor to Plaintiff's former employer. Patterson-UTI Energy, Inc. is the parent company of Patterson-UTI Drilling Company, LLC and all Patterson subsidiaries. As per Patterson's 2008 Annual Report, Patterson-UTI Energy, Inc. had stockholder's equity (i.e., "net worth") of $2,126,942 billion in the year ending December 31, 2008. With regard to your request for information relating to the net worth of Patterson-UTI Drilling Company, LLC, individually, please be advised that all of Patterson's reporting to the IRS is on a consolidated tax return and therefore stockholder's equity or "net worth" cannot be extracted. That being said, the majority of the aforementioned amount is attributable to Patterson-UTI Drilling Co., LLC, although the exact amount is indeterminable.

(Dkt. No. 35, Ex. 1).

The Court finds that the term "net worth" is not too vague or indefinite. Indeed, Defendant used the term repeatedly in its stipulation. Moreover, the Court agrees with Plaintiff that the information relating to the net worth of Patterson-UTI Drilling Company, LLC, individually, is relevant and reasonably calculated to lead to the discovery of admissible evidence. While Defendant states that Internal Revenue Service tax returns are not available for Patterson-UTI Drilling Company, LLC, individually, it has not demonstrated why these returns are necessary to answer Plaintiff's interrogatory regarding net worth. Defendant has not demonstrated to the Court that its tax reporting scheme prevents Defendant from fully answering Plaintiff's interrogatory. Defendant has not carried its burden of showing that the relevant information requested is irrelevant, overly

4

broad, or unduly burdensome or oppressive. Accordingly, to the extent Defendant has information available to answer Interrogatory No. 12, Plaintiff's motion to compel a further response is **GRANTED**. To the extent such information is not available, Plaintiff's motion is **DENIED** as moot.

### B. Interrogatory No. 14

Interrogatory No. 14 reads as follows:

> For every employee employed with any defendant or predecessor company at oil rigs in Vidor, Texas and in Louisiana, at any time between January 1, 2001, and the present, state:
> a) Name of each employee;
> b) Job/Position Title of employee;
> c) Date of hire;
> d) Date of separation from employment;
> e) Race of the employee;
> f) Address and telephone number; and
> g) Social Security Number or date of birth.

(Dkt. No. 34, Ex. 1).

Defendant's response stated that

> Defendant objects to the interrogatory to the extent it is . . . unduly burdensome. Defendant further objects to this Interrogatory to the extent it seeks information that is not relevant to the subject matter of the pending action or is not reasonably calculated to lead to the discovery of admissible evidence in this case. Defendant further objects to this Interrogatory because it seeks disclosures that would violate or infringe the privacy rights of those employees about whom information is requested, and to the extent it seeks information that may contain proprietary and/or confidential information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this Interrogatory because it fails to state a time or geographic reference that is limited to the time period or location relevant to this lawsuit.

(*Id.*).

In its response to Plaintiff's request to supplement its answer, Defendant again objected, stating that the request was overly broad, unduly burdensome, and amounted to "nothing more than an impermissible fishing expedition." (Dkt. No. 35, Ex. 1).

5

Plaintiff has met its burden of showing that the requested information is reasonably calculated to lead to discoverable information, as the names and contact information of current and former employees who were employed on the oil rigs where Plaintiff worked and who may have heard racial slurs or been subjected to similar remarks will be highly relevant to Plaintiff's case.

While Defendant has not met its burden of showing that the requested information is irrelevant or unduly burdensome or oppressive, its objections regarding the social security numbers of employees, the relevant time period of the request, and overbreadth are meritorious. The social security numbers of current and past employees are confidential and not reasonably calculated to lead to the discovery of admissible evidence. *See Beasley v. First Am. Real Estate Info. Serv., Inc.*, No. 3-04-CV-1059-B, 2005 WL 1017818, at *2 (N.D. Tex. Apr. 25, 2005) (citing *Walters v. Breaux*, 200 F.R.D. 271, 274 (W.D. La. 2001) (citing cases protecting legitimate privacy and confidentiality concern with respect to social security numbers)). Because the other information requested in Interrogatory No. 14 will furnish Plaintiff with enough information to locate and contact past employees of Defendant, the Court will not compel the disclosure of employees' social security numbers because the information will not be helpful in locating past employees and might be harmful to nonparty employees.

Defendant also claims that Plaintiff's request is too broad in that it asks for contact information of employees over an eight-year period, while Plaintiff only worked for Defendant for a little over four months. Courts within the Fifth Circuit have typically limited discovery of employers' personnel files in discrimination cases in terms of time. *Gillum v. ICF Emergency Mgmt. Servs.*, No. 08-314-C-M2, 2009 WL 2136269, at *3 (M.D. La. July 16, 2009) (citing various cases decided by district courts in the Fifth Circuit limiting the time period for discovery requests). In the instant case, a request for information about employees covering an eight-year period is too broad. A five-year period is more appropriate. *See id.* at *3 (citing *Lovoi v. Apple One Employment*

6

*Servs.*, No. 00-0161, 2000 WL 18635222 (E.D. La. Dec. 20, 2000) (limiting discovery of employer's personnel information to five years); *Cormier v. PPG Indus., Inc.*, 452 F. Supp. 594 (W.D. La. 1978) (restricting discovery to a five-year period)). The Court will only compel the disclosure of the information requested in Interrogatory No. 14 for the time period after January 1, 2003.

To the extent Plaintiff requests information from all oil rigs in Vidor, Texas and Louisiana, the Court finds the request to be too broad. Plaintiff has not established that he worked throughout Louisiana.[2] Accordingly, the Court limits the interrogatory to information about employees who either worked with the Plaintiff or worked with his supervisors, Jessie Trbula or William Partain. The modified interrogatory appropriately tailors the question to information that is more directly related to this lawsuit.

Therefore, Plaintiff's motion to compel a further response to Interrogatory No. 14 is **GRANTED** as far as it requests information other than the social security numbers of Defendant's employees, information after January 1, 2003, and information about employees who worked with Plaintiff or his supervisors—Jessie Trbula or William Partain. With respect to the social security numbers, the time period before January 1, 2003, and the employees who did not work with Plaintiff or his supervisors, the motion to compel Interrogatory No. 14 is **DENIED**.

**II. Requests for Production**

Plaintiff's arguments asking this Court to compel further responses to requests for production fall into two groups. First, Plaintiff makes a general request, concerning Requests for Production Nos. 1, 2, 3, 4, 5, 6, 7, 9, 10, 12, 20, 22, 23, 25, 26, 34, and 35. Defendant does not object to these requests in its Response to Plaintiff's Plaintiff's Motion to Compel Discovery Responses. Rather, its objections are found in its initial responses to Plaintiff's requests for production. (Dkt. No. 34,

---

[2]The First Amended Complaint states that Plaintiff worked on oil rigs "in Vidor, Texas and in Louisiana." (Dkt. No. 2 at 3). However, it is not clear that Plaintiff worked throughout Louisiana.

Ex. 2).  Second, Plaintiff makes specific arguments concerning Requests for Production Nos. 8, 13, 14, 17, 21, 24, 27, 28, 29, 32, and 33.

**A.  Requests for Production Nos. 1, 2, 3, 4, 5, 6, 7, 9, 10, 12, 20, 22, 23, 25, 26, 34, and 35**[3]

With respect to these requests, Defendant stated that it would produce responsive and discoverable documents, to the extent they existed, subsequent to the entry of a mutually agreeable protective order.  (*Id.*).  On September 26, 2008, the Court entered an Agreed Protective Order in this case.  (Dkt. No. 29).  Plaintiff states that Defendant has not provided him with written supplemental responses to his requests for production since the entry of the protective order.  (Dkt. 34 at 4).

**1. Requests for Production Nos. 1, 7, 12, and 20**

Defendant's only response to these requests indicates that responsive and discoverable documents will be produced subsequent to the entry of a mutually agreeable protective order.  (Dkt. No. 34, Ex. 2).  The Court finds that these requests are relevant or reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, Plaintiff's motion to compel a response to Requests for Production Nos. 1, 7, 12, and 20 is **GRANTED**.  To the extent these documents do not exist or the Defendant has already fully responded to the request, the motion is **DENIED** as moot.

**2. Requests for Production Nos. 2, 4, and 34**

Defendant objects to these requests on the grounds that the requests 1) are vague and ambiguous; 2) invade the privacy rights of nonparty employees; 3) are unduly burdensome, overly broad, or harassing; and/or 4) seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

---

[3] The text of these requests for production can be found in Exhibit 2 of Plaintiff's Motion to Compel Discovery Responses.  (Dkt. No. 34, Ex. 2).

8

The Court finds that all of these requests are relevant and reasonably calculated to lead to the discovery of admissible evidence and are not vague or ambiguous. Further, the protective order entered by the Court should alleviate any lingering concerns about the privacy of nonparty employees. Moreover, the Defendant has failed to demonstrate to the Court how these requests are unduly burdensome, overly broad, or harassing. Accordingly, Plaintiff's motion to compel a response to Requests for Production Nos. 2, 4, and 34 is **GRANTED**. To the extent these documents do not exist or the Defendant has already fully responded to the request, the motion is **DENIED** as moot.

### 3. Requests for Production Nos. 3, 10, 22, 23, 25, 26, and 35

Defendant objects to these requests on the grounds that the requests 1) are exempt from discovery under the work product doctrine; 2) seek information protected from discovery by the attorney-client privilege; 3) seek information that is vague and ambiguous; 4) seek information that is unduly burdensome, overly broad, harassing; and/or 5) seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

The Court finds that all of these requests are relevant and reasonably calculated to lead to the discovery of admissible evidence, are not vague and ambiguous, and do not seek information that is unduly burdensome, overly broad, or harassing. With respect to claims of attorney-client privilege and work product, Defendant has not carried its burden of showing the Court that the information requested is protected under either of these doctrines. *United States v. Rodriguez*, 948 F.2d 914, 916 (5th Cir.1991) (stating that the burden of establishing the attorney-client privilege always rests on the party claiming it); *Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir.1985) (the party that invokes either privilege has the burden to prove it). Defendant has not identified any specific document sought by the requests for production as privileged and has not presented any argument to the Court that might support its claims of privilege. Accordingly,

9

Plaintiff's motion to compel a response to Requests for Production Nos. 3, 10, 22, 23, 25, 26, and 35 is **GRANTED**.

### 4. Requests for Production Nos. 5, 6, and 9

Defendant objects to these requests on the grounds that the requests 1) fail to state a time reference; 2) are not limited to the time period relevant to this lawsuit; 3) are not limited to the subject matter of the lawsuit; and/or 4) seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

The Court finds that all of these requests are relevant and reasonably calculated to lead to the discovery of admissible evidence and related to the subject matter of the instant lawsuit. Additionally, the requests are limited to the time period relevant to this lawsuit and the time reference is implicit in the request—the relevant requests ask for correspondence between Plaintiff and Defendant regarding Plaintiff's employment and correspondence between Plaintiff and Defendant, before or after his termination. Plaintiff was only employed by Defendant for a little over four months. All correspondence between him and his employer, whether before or after his employment with Defendant, should not cover such a long period of time as to be burdensome or irrelevant. Accordingly, Plaintiff's motion to compel a response to Requests for Production Nos. 5, 6, and 9 is **GRANTED**. To the extent these documents do not exist or the Defendant has already fully responded to the request, the motion is **DENIED** as moot.

### B. Request for Production No. 8

Request for Production No. 8 asks for "[t]he resume and personnel file of the individual who assumed any of the job responsibilities or duties of Plaintiff after Plaintiff was discharged." (Dkt. No. 34, Ex. 2). Defendant objects, stating the request "is vague and ambiguous . . . [and] seeks to invade the privacy . . . rights of non-party employees." (*Id.*).

10

Defendant asserts it has produced documents responsive to this request in the form of nonconfidential portions of the personnel file of Thomas Perea, in documents bates numbered PATTERSON-UTI01068-01086. (Dkt. No. 35 at 5). The Court finds that the request is not vague or ambiguous. Additionally, because the protective order should alleviate any privacy concerns, the Court finds that Defendant's objection on that ground is not warranted. It is unclear to the Court whether Defendant has failed to respond to Request for Production No. 8, but to the extent it has, Plaintiff's motion to compel a response is **GRANTED**. If Defendant has already fully responded to Request for Production No. 8, the motion is **DENIED** as moot.

### C. Request for Production No. 13

Request for Production No. 13 asks for "[a]ny and all documents evaluating the work of Plaintiff or comparing his job and work performance to other employees of Defendants." (Dkt. No. 34, Ex. 2). Defendant objects to this request, stating that it "is vague and ambiguous [and] seeks to invade the privacy of rights of nonparty employees." (*Id.*). Defendant's Response to Plaintiff's Motion to Compel Discovery Responses asserts that "[t]his information was produced to Plaintiff's counsel months ago[,] . . . [and] Patterson is unaware of any additional documents relating to [Plaintiff]'s performance that have not been previously produced." (Dkt. No. 35 at 6). The Court finds that the request is not vague and ambiguous and Defendant's privacy concerns are unwarranted. To the extent Defendant possesses any relevant information relating to this request that has not been produced, Plaintiff's motion to compel a response to Request for Production No. 13 is **GRANTED**, and to the extent the information has already been produced, the motion is **DENIED** as moot.

### D. Request for Production No. 14

Request for Production No. 14 ask for "[t]he year-end balance sheet of each defendant for each of the last three (3) years." (Dkt. No. 34, Ex. 2). Defendant objects to this request "because it is premature, overly broad and unduly burdensome." (*Id.*). Defendant also states that "Plaintiff has not made the requisite showing for punitive damages." (*Id.*).

However, Defendant's Response to Plaintiff's Motion to Compel Discovery Responses does not seem to dispute that this material is discoverable. (Dkt. No. 35 at 6). Rather, it states that "Patterson-UTI Drilling Company, LLC does not maintain separate and individualized financials, apart from that which is included in Patterson's 2008 Annual Report, which was previously produced to Plaintiff's counsel." (*Id.*).

Inasmuch as Defendant represents to the Court that it does not have separate and individualized financial information for Patterson-UTI Drilling Company, LLC, Plaintiff's motion as to Request for Production No. 14 is **DENIED**, as Defendant is not required to create information that it does not have. *See CG Roxane LLC v. Fiji Water Co. LLC*, No. C07-02258, 2008 WL 2276403, at *4 (N.D. Cal. May 30, 2008) (producing party not required to create information it does not have); *Stevens v. Omega Protein, Inc.*, No. Civ. A. 00-3326, 2002 WL 1022507, at *3 (E.D. La. May 16, 2002) (stating the "court cannot compel a party to produce that which he does not possess").

### E. Requests for Production Nos. 17 and 24

Request for Production No. 17 ask for "[a]ny and all documents referencing or constituting each and every charge, complaint or claim of race, color or national origin discrimination or retaliation made against any defendant or predecessor company since December 1, 2001, whether by demand letter, lawsuit, or formal charge with the EEOC, Texas Commission on Human rights or the Texas Workforce Commission-Civil Rights Division." (Dkt. No. 34, Ex. 2).

Request for Production No. 24 asks for "[a]ny and all documents referencing or constituting each and every charge, complaint or claim of race, color or national origin discrimination, retaliation or the use of racial slurs or remarks made against any defendant or predecessor company since December 1, 2001 in Texas or Louisiana, whether by demand letter, lawsuit, or formal charge with the EEOC, Texas Commission on Human Rights or the Texas Workforce Commission-Civil Rights Division." (*Id.*).

Defendant objects to both of these request, stating that they are 1) not limited to a relevant time period, geographic location, or scope; 2) overly broad and unduly burdensome; 3) not properly limited to similarly situated employees or events; 4) neither relevant to the subject matter of this suit nor reasonably calculated to lead to the discovery of admissible evidence; and 5) nothing more than unmoored trolling for information.

The Court agrees with Plaintiff that this information is reasonably calculated to lead to the discovery of witnesses, admissible evidence pertaining to past discriminatory acts, and details of the work environment of Defendant. However, the Court finds Defendant's geographic location and time period objections to be meritorious.

"A plaintiff who must shoulder the burden of proving that the reasons given for his discharge are pretextual should not normally be denied the information necessary to establish that claim. That rule does not, however, permit a plaintiff to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Marshall v. WestingHouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978). In the context of investigating an individual complaint, the "most natural" place to focus is on the employing unit or work unit. *Id.* (citing *EEOC v. Packard Elec. Div., Gen. Motors Corp.*, 569 F.2d 315 (5th Cir. 1978)). To move beyond this natural focus, the party requesting discovery "must show a more particularized need and relevance." *Id.*

With respect to Request for Production No. 17, the Court is not provided with information establishing what department or office makes decisions about the dismissal of employees. If these decisions are made on an office by office basis, rather than through one office, Plaintiff's request for *all* charges of discrimination is too broad. Requiring Defendant to produce documents related to complaints arising out of all of its offices or rigs goes too far. Accordingly, the Court limits Plaintiff's Request for Production No. 17 to charges, complaints, or claims of race, color or national origin discrimination or retaliation made against any Defendant or predecessor company that arose from decisions made by the same office that made decisions regarding Plaintiff's employment, or if employment decisions are made by one office for the entire company, the request is limited to complaints involving rigs where Plaintiff worked.

Plaintiff's Request for Production No. 24 limits the discovery sought to charges, complaints, or claims in Texas and Louisiana. However, this is too broad. Plaintiff has not established that he worked throughout Texas and Louisiana. Accordingly, discovery is limited to claims arising out of oil rigs where Plaintiff was employed. (Dkt. No. 2 at 3).

Defendant's time period objections are similar to those discussed in connection with Interrogatory No. 14. The Court adopts the reasoning articulated in Part I.B and finds that requests for information about claims before January 1, 2003 are too broad.

Plaintiff's motion to compel Request for Production No. 17 is **GRANTED** but limited to only charges, complaints, or claims involving the same divisional office that made decisions regarding Plaintiff's employment after January 1, 2003.[4]

---

[4] As previously stated, if employment decisions are not made on an office by office bases, the request is limited to complaints involving rigs where Plaintiff was employed.

14

With respect to Request for Production No. 24, Plaintiff's motion to compel a response is **GRANTED** but limited to charges, complaints, or claims in the areas where Plaintiff was employed after January 1, 2003.

### F. Request for Production No. 21

Request for Production No. 21 asks for the personnel files of Jessie Trbula, William Partain, and the person hired to replace Plaintiff or who assumed any of Plaintiff's duties and/or responsibilities. Defendant objects to this request on the grounds that it 1) is overly broad; 2) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and 3) seeks to invade the privacy of nonparty employees. Defendant represents that this information was produced to Plaintiff's counsel months ago. Based on Defendant's representation, Plaintiff's motion is **DENIED** as moot. To the extent Defendant has not produced relevant information it possesses, the Court overrules Defendant's objections and **ORDERS** Defendant to respond.

### G. Request for Production No. 27

Request for Production No. 27 ask for a database printout or spreadsheet of every employee of Defendant who worked at an oil rig where Plaintiff worked or with Jessie Trbula or William Partain at anytime between Plaintiff's termination and January 1, 2001. Plaintiff requests the 1) name; 2) job/position title; 3) date of hire; 4) date of separation from employment—indicating whether the separation was pursuant to a reduction in force, termination for cause, or resignation; 5) race; 6) address and telephone number; 7) social security number or date of birth; and 8) department in which the employee worked for each employee. (Dkt. No. 34, Ex. 2). Defendant objects, alleging the request is unduly burdensome, overly broad in time and scope, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence, seeks to invade the confidentiality and privacy of nonparty employees, and is "nothing more than unmoored trolling for information." (*Id.*).

This request is nearly identical to Interrogatory No. 14, and the Court adopts the reasoning discussed above, with one exception. This request limits the time range of requested documents to a period from January 1, 2001 to May 9, 2006, when Plaintiff stopped working for Defendant. The Court finds that this request is more limited than those discussed above and overrules Defendant's objection that the time period is too broad. Additionally, as previously discussed, any information about employees other than those who worked with Plaintiff or his supervisors—Jessie Trbula or William Partain—is overly broad. The Court, therefore, reads "every employee of Defendant who worked at an oil rig *where* Plaintiff worked" to mean "every employee of Defendant who worked at an oil rig *with* Plaintiff." To the extent the request reads otherwise, it is overly broad.

With respect to the social security numbers, the motion to compel a response to Request for Production No. 27 is **DENIED.** Plaintiff's motion to compel a response to Request for Production No. 27 is **GRANTED** to the extent it requests information, other than social security numbers, about employees who worked with Plaintiff or his supervisors—Jessie Trbula or William Partain. While not raised in its response, Defendant's June 22, 2009, letter to Plaintiff indicates that Defendant might not possess this information, as it states "Patterson is not required to create documents which do not exist," while discussing Request for Production No. 27. As discussed above, the Court agrees and cannot order Defendant to create documents for discovery that do not exist.

### H. Requests for Production Nos. 28, 29, 32, and 33

Request for Production No. 28 requests "[a]ny and all documents, e-mails, correspondence, letters, and memoranda between Jessie Trbula (or his direct or indirect supervisor) and any other person regarding Plaintiff." (Dkt. No. 34, Ex. 2). Request No. 29 ask for the same documents between William Partain and others. (*Id.*). Request No. 32 requests "[a]ny and all documents, e-

16

mails, correspondence, letters, and memoranda to or from Jessie Trbula containing any racial remark, slur or joke." (*Id.*). Request No. 33 asks for the same documents to or from William Partain. (*Id.*). Defendant objects to these requests on the grounds that the requests are overly broad, seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seek to invade the privacy rights of nonparty employees. (*Id.*). Defendant also states that it is unaware of any documents in its possession that are responsive to these requests.

Based on Defendant's representation in its brief and its June 22, 2009, response to Plaintiff that it does not possess documents responsive to these requests, Plaintiff's motion to compel Requests for Production Nos. 28, 29, 32, and 33 is **DENIED** as moot. To the extent Defendant has not produced responsive information it possesses, the Court overrules Defendant's objections and **ORDERS** Defendant to respond.

### Conclusion

Based on the foregoing, Plaintiff's motion is **GRANTED** in part and **DENIED** in part.

It is so **ORDERED**.

**SIGNED** on this 23rd day of September, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE